UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH EDWARD DIXON,<br><br>    Plaintiff<br><br>  v.<br><br>ROGER WILLIAMS, et al.,<br><br>    Defendants | CIVIL ACTION NO. 4:13-CV-02762<br><br>(BRANN, J.)<br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

Pending before this Court is a motion to compel discovery, filed by Defendant on January 29, 2016.[1] In this motion, Defendant seeks to the production of any "post-trial motions" filed in Plaintiff's underlying criminal case in New York "alleging that his detention by the Pennsylvania State Police violated his rights." (Doc. 91). Defendant argues that such documents are relevant to their position that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

As the Court finds an adequate basis for such discovery, Defendant's motion (Doc. 91), will be granted.

**I. STANDARD OF REVIEW**

The general scope of discovery is outlined by Federal Rule of Civil Procedure 26(b)(1):

---

[1] The Court notes that Defendant failed to file a brief in support of his motion as required by Local Rule 7.5. Pursuant to Local Rule 7.5, "within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion." If the party fails to comport with this Rule by submitting a supporting brief within the timeframe provided, the motion shall be deemed withdrawn. While it would be entirely appropriate for the Court to deem Defendants' motion to be withdrawn and deny it without prejudice, the Court will suspend the operation of the Local Rule 7.5 here and will make an appropriate ruling with respect to this motion as filed, given that Defendants have provided sufficient detail of the discovery dispute in the motion to enable the Court to properly address it.

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Issues relating to the scope of discovery permitted under Rule 26 rest in the sound discretion of the court. *Wisniewski v. Johns–Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987). Thus, a Court's decisions regarding the conduct of discovery, and whether to compel disclosure of certain information, will be disturbed only upon a showing of an abuse of discretion. *Marroquin–Manriquez v. I.N.S.*, 699 F.2d 129, 134 (3d Cir. 1983).

Rule 26 establishes a liberal discovery policy. *Clemens v. N.Y. Cent. Mut. Fire Ins. Co.*, 300 F.R.D. 225, 226-27 (M.D. Pa. 2014); *Great West Life Assurance Co. v. Levithan*, 152 F.R.D. 494, 497 (E.D. Pa. 1994). Discovery is generally permitted of any items that are relevant or may lead to the discovery of relevant information. *Hicks v. Big Brothers/Big Sisters of Am.*, 168 F.R.D. 528, 529 (E.D. Pa. 1996); *Stabilus v. Haynsworth, Baldwin, Johnson, & Greaves, P.A.*, 144 F.R.D. 258, 265–66 (E.D. Pa. 1992) (when there is no doubt about relevance a court should tend toward permitting discovery). Moreover, discovery need not be confined to items of admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence. *Callahan v. A.E.V., Inc.*, 947 F. Supp. 175, 177 (W.D. Pa. 1996); *Momah v. Albert Einstein Medical Ctr.*, 164 F.R.D. 412, 417 (E.D. Pa. 1996). Although "the scope of relevance in discovery is far broader than that allowed for evidentiary purposes, it is not without its limits." *Stabilus*, 144 F.R.D. at 265. The Court will not permit discovery where a request is made in bad faith, unduly burdensome, irrelevant to the general subject matter of the action, or

relating to confidential or privileged information. *S.S. Fretz, Jr., Inc. v. White Consol. Indus., Inc.*, No. 90–1731, 1991 WL 21655, at *2 (E.D. Pa. Feb. 15, 1991).

These factors, as set forth in revised Fed. R. Civ. P. 26(b)(1),[2] reflect "their original place in defining the scope of discovery." *See* Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment. The revised Rule 26(b)(1) factors are as follows: the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. The present amendment restores the proportionality factors to their original place in defining the scope of discovery, but does not change any of the existing responsibilities of the court or the parties in considering proportionality:

> This change reinforces the obligation of the parties to consider these factors in making discovery requests, responses or objections. Restoring the proportionality calculation to Rule 26(b)(1) does not change the existing responsibilities of the court and the parties to consider proportionality, and the change does not place on the party seeking discovery the burden of addressing all proportionality considerations. Nor is the change intended to permit the opposing party to refuse discovery simply by making a boilerplate objection that it is not proportional. The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.

Fed. R. Civ. P. 26 advisory committee's note to 2015 amendment.

## II. DISCUSSION

To reiterate, Defendant seeks the production of any post-trial motions filed in Plaintiff's underlying criminal case that would show that Plaintiff used his detention by the Pennsylvania

---

[2] The 2015 amendments to the Federal Rules of Civil Procedure took effect on December 1, 2015. By order of the United States Supreme Court, the revised rules "shall govern in all proceedings in civil cases thereafter commenced and, insofar as just and practicable, all proceedings then pending." Letter of Transmittal to Congress, April 29, 2015.

State Police as a basis to argue on appeal that his manslaughter conviction should be overturned. As revealed by the exhibits attached to Defendant's motion to compel, Plaintiff primarily objects to this discovery on the grounds that it is "not legitimately related to the issues in the case . . . [and] not in the Plaintiff's custody and control . . . ." (Doc. 91, at 10).

Plaintiff has brought a 42 U.S.C. § 1983 action seeking declaratory relief and an award of compensatory and punitive damages for alleged violations of the Fourth Amendment to the United States Constitution. Specially, Plaintiff asserts a Fourth Amendment false arrest claim and excessive force claim against Pennsylvania State Trooper Roger Williams and a number of John Doe Defendants.

"*Heck* typically does not bar actions for Fourth Amendment violations." *Sanders v. Downs*, 420 Fed. App'x 175, 179 (3d Cir. 2011) (per curiam). "Because of doctrines like independent source and inevitable discovery, and especially harmless error, . . . a § 1983 action [alleging an unreasonable search], even if successful, would not necessarily imply that the plaintiff's conviction was unlawful." *Heck*, 512 U.S. at 487 n.7 (discussing an unreasonable search claim). But, in determining whether success on a claim would necessarily impugn the integrity of the plaintiff's underlying conviction, the Third Circuit requires that a district court undertake a fact-based inquiry into whether a Fourth Amendment claim implies the invalidity of the underlying conviction. *See Gibson v. Superintendent of N.J. Dep't of Law & Pub. Safety*, 411 F.3d 427, 448 (3d Cir. 2005), *abrogated on other grounds, Dique v. N.J. State Police*, 603 F.3d 181, 188 (3d Cir. 2010). This "fact-based approach requires a district court to inquire into the nature of the criminal conviction and the antecedent proceedings." *Gibson*, 411 F.3d at 451. In situations where the evidence seized as a result of an unlawful search or arrest was used to convict the defendant, district courts examine the factual circumstances to determine whether doctrines such as independent source, inevitable discovery, or harmless error would have

permitted the introduction of the evidence. Where it is impossible or improbable that such doctrines would have permitted the introduction of the evidence at issue in the criminal proceedings, the *Heck* favorable-termination rule applies. *Id.* at 448–49. In considering Defendant's arguments, and the underpinnings of the *Heck* bar, the Court finds these briefs could be reasonably calculated to lead to the discovery of admissible evidence, as it might summarize or highlight critical issues with respect to what was actually at issue in Plaintiff's criminal trial, which is a line of inquiry relevant to determining the nature of the criminal proceedings.

While these post-trial motions may be reasonably calculated to lead to the discovery of admissible evidence, Plaintiff has represented that such documents are not within his possession, custody, or control. Fed. R. Civ. P. 34(a) (providing that a party may serve a request for the production of documents that are "in the responding party's possession, custody, or control"); *see Harris v. Koenig*, 271 F.R.D. 356, 371 (D.D.C. 2010) ("Lack of evidence showing that producing party is in fact in possession of a document is grounds to deny a motion to compel.") (citations omitted). Documents are deemed to be within the party's "'possession, custody, or control' if the party has actual possession, custody or control, or has a legal right to obtain the documents on demand." *In re Bankers Trust Co.,* 61 F.3d 465, 469 (6th Cir.1995) (citing *Resolution Trust Corp. v. Deloitte & Touche,* 145 F.R.D. 108, 110 (D. Colo. 1992); *Weck v. Cross,* 88 F.R.D. 325, 327 (N.D. Ill. 1980)). Specifically, control is defined as "the legal right, authority, or ability to obtain upon demand documents in the possession of another." *Florentia Cont. Corp. v. RTC,* No. 92 Civ. 1188, 1993 WL 127187 at *3 (S.D.N.Y. Apr. 22, 1993). While the Court does not challenge Plaintiff's contention that he does not possess the post-trial briefs requested, it appears that Plaintiff does have the authority and ability to obtain upon demand

from his defense attorney in his underlying criminal action copies of any post-trial briefs filed. Thus, the Court will direct Plaintiff to request by letter to his criminal defense counsel that his criminal defense counsel make these non-privileged post-trial briefs available to Defendant's counsel to inspect and copy. The Court will further direct Defendant's counsel to provide Plaintiff with a copy of said documents at Defendant's expense.[3]

### III. CONCLUSION

In conclusion, based on the foregoing, the Court will grant Defendant's motion to compel. (Doc. 91).

An appropriate Order follows.

**Dated: February 17, 2016**                          *s/ Karoline Mehalchick*
                                                                            **KAROLINE MEHALCHICK**
                                                                            **United States Magistrate Judge**

---

[3] While the Court will direct Plaintiff to request these post-trial briefs from his defense attorney to the extent such documents exist, counsel for Defendant is encouraged, as a suggested alternative, to request the documents from the Clerk of Court in the jurisdiction where Plaintiff's criminal proceedings took place, given the obstacles imposed by Plaintiff due to his incarceration and indigence.