IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH EDWARD DIXON, | : | Civil Action No. 4:13-CV-2762 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| ROGER WILLIAMS, *Investigator,* | : | |
| JOHN DOES 1-5, | : | |
| | : | (Magistrate Judge Mehalchick) |
| Defendants. | : | |

## ORDER

February 14, 2017

Plaintiff, Joseph Edward Dixon, filed a complaint on October 7, 2013, naming as Defendants various members of the Pennsylvania State Police, only one identified by name, Defendant Roger Williams; the others are merely named John Does.  Because he is proceeding *pro se,* Plaintiff's case was jointly assigned to Magistrate Judge Karoline Mehalchick.

Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[1]  Once filed, this Report and Recommendation is disseminated to the parties in the case who then have the opportunity to file written

---

[1]28 U.S.C. 636(b)(1)(B).

objections.[2]  When objections are timely filed, the District Court must conduct a de novo review of those portions of the report to which objections are made.[3] Although the standard of review for objections is de novo, the extent of review lies within the discretion of the district court, and the court may otherwise rely on the recommendations of the magistrate judge to the extent it deems proper.[4]

Dixon and Williams filed cross motions for summary judgment.  On January 23, 2017, the magistrate judge issued  a report and recommendation[5] recommending granting Defendant's motion and denying Plaintiff's motion. Plaintiff subsequently filed what I will construe as objections to the report and recommendation.[6]

For portions of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[7]

---

[2]28 U.S.C. 636(b)(1).

[3]28 U.S.C. § 636(b)(1); *Brown v. Astrue,* 649 F.3d 193, 195 (3d Cir.2011).

[4]*Rieder v. Apfel*, 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (*citing United States v. Raddatz*, 447 U.S. 667, 676 (1980)).

[5]ECF No. 145.

[6]ECF No. 146.

[7]Fed.R.Civ.P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern., Inc.*, 702 F.Supp.2d 465, 469 (M.D.Pa.2010) (*citing Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir.1987) (explaining that judges should give some review to every report and recommendation)).

Regardless of whether timely objections are made by a party, the District Court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[8]

Because I write only for the parties, I will conserve judicial resources and not rehash the report and recommendation. The Plaintiff's objections are overruled, as he has provided no persuasive argument sufficient to find that the magistrate judge erred. The report and recommendation will be adopted in full and the matter dismissed.

Moreover, the John Doe Defendants must be dismissed.  "While fictitious defendants "are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed," our case law makes it clear that "an action cannot proceed solely against unnamed parties.""[9]

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.    United States Magistrate Karoline Mehalchick's Report and Recommendation is ADOPTED in full.  January 23, 2017, ECF No. 145.

2.    Plaintiff's Motion for Summary Judgment is DENIED.  April 25,

---

[8]28 U.S.C. § 636(b)(1); Local Rule 72.31.

[9]*Davidson v. Corr. Med. Servs., Inc.*, 2008 WL 5330544, at *5 (D.N.J. Dec. 15, 2008) *citing  Hines v. FDIC*, 137 F.3d 148, 155, 159 (3d Cir.1998).

2016, ECF No. 119.

3.      Defendant's Motion for Summary Judgment is GRANTED.  May 6,

        2016, ECF No. 123.

4.      The John Doe defendants are DISMISSED from the action.

5.      Final judgment is to be entered in favor of Defendants and against

        Plaintiff.

6.      The Clerk is directed to close the case file.

BY THE COURT:


 s/ Matthew W. Brann_____
Matthew W. Brann
United States District Judge